## 39407. MULLIS v. THE STATE.

Marshall, Presiding Justice.

After plenary consideration of this matter, it is found not to satisfy the criteria for the grant of certiorari and the writ is therefore vacated.

*All the Justices concur, except Hill, C. J., and Smith, J., who dissent.*

Decided April 5, 1983 —
Rehearing denied April 25, 1983.

*Walker L. Chandler,* for appellant.
*Johnnie L. Caldwell, Jr., District Attorney,* for appellee.

Smith, Justice, dissenting.

Appellant was found guilty of violating the Controlled Substances Act and sentenced to ten years imprisonment, with five years to be served on probation. He appeals and receives the following response from our appellate court system: a one-sentence Rule 36 affirmance by the Court of Appeals and today's equally summary affirmance by this court. I dissent.

Rule 36 of the Court of Appeals and this court's Rule 59 were never intended to apply to criminal cases, and we set a dangerous precedent today by going along with the Court of Appeals in summarily affirming this case. In my view plenary appellate review of a conviction is not a luxury, but a necessity mandated by OCGA § 5-6-30 (Code Ann. § 6-905), which provides that the right to appellate review "shall be liberally construed so as to bring about a decision on the merits of every case appealed and to avoid dismissal of any case or refusal to consider any points raised therein . . .."

Furthermore, appellant's case has merit and deserves review by this court. At trial, Mullis proceeded under the theory that he had been entrapped by Darlene Lackey, a private citizen who acted as a police informer. Because the state failed to call Lackey, who was present in court, as a witness, appellant was compelled to do so. The trial court forced appellant to make Lackey his own witness, and when appellant attempted to impeach Lackey, the trial court intervened, stating that appellant could not impeach his own witness. I think this was error. The trial court should have permitted appellant to call Lackey as an adverse witness, subject to cross-examination and impeachment under the ordinary rules of evidence. The correct rule is well stated in Clingan v. United States,

400 F2d 849, 851 (5th Cir. 1968): "[W]hen the government failed to call these witnesses under the circumstances described here, the appellants were entitled to call them as adverse witnesses . . . A sufficient showing of adversity is made where the witness' interest is on the side of the prosecution to such an extent that he is unlikely to give a true account of the transaction." The trial court's ruling denied appellant his right to a fair and impartial trial.

I would reverse with the instruction that, on retrial, appellant be allowed to call Lackey as an adverse witness.

I am authorized to state that Mr. Chief Justice Hill joins in this dissent.